UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

| | | |
|---|---|---|
| MICHAEL TERRELL, | : | Case No. 3:12-cv-330 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**ORDER THAT: (1) THE ALJ'S NON-DISABILITY FINDING IS FOUND
SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED;
AND (2) THIS CASE IS CLOSED**

This is a Social Security disability benefits appeal.  At issue is whether the

administrative law judge ("ALJ") erred in finding the Plaintiff "not disabled" and

therefore unentitled to supplemental security income ("SSI").  (*See* Administrative

Transcript at Doc. 6 ("Tr") (Tr. 14-23) (ALJ's decision)).

**I.**

Pro se Plaintiff first filed for SSI in August 2001, alleging that he became unable

to work as of July 1979.  (Tr. 90).  Plaintiff claims that he was disabled due to a wrist

injury, ankle injury, personality disorder, bipolar disorder, and trigger finger.  (Tr. 16).[1]

Plaintiff's claim was ultimately denied by the ALJ in April 2006.  The ALJ found that

despite severe impairments of residuals from left wrist surgery, residuals from right ankle

surgery, and a personality disorder, Plaintiff had a residual functional capacity ("RFC")

---

[1]  Trigger finger is a disorder characterized by catching, snapping, or locking of the involved
finger flexor tendon, associated with dysfunction and pain.

for work that included lifting up to 30 pounds occasionally and ten pounds frequently, no exposure to heights or climbing ladders, ropes, scaffolds, ramps, or stairs, no use of foot pedals on the right, or forceful gripping with his left hand; and only low stress work.  (Tr. 92-100).

Plaintiff filed a second application for SSI in February 2009, alleging disability since March 2004.  (Tr. 142-144).  The SSA denied his claim initially and on reconsideration.  (Tr. 68-69).  Plaintiff requested a hearing, and in September 2010, the ALJ held a hearing on his claim.  (Tr. 28-67).  Plaintiff and a vocational expert testified with Plaintiff's attorney in attendance.  (Tr. 28-67).

The ALJ rendered an unfavorable decision in October 2010.  (Tr. 11-23).  After reviewing the medical evidence, the ALJ found there was new and material evidence to find two additional severe impairments – bipolar disorder and treatment for trigger finger of questionable duration – and a slightly more restrictive medium-level work RFC than the one found by the previous ALJ.  *See* Acquiescence Ruling 98-4(6) ("When adjudicating a subsequent disability claim with an unadjudicated period…adjudicators must adopt such a finding from the final decision by an ALJ…with respect to the unadjudicated period unless there is new and material evidence relating to such a finding…").  Still, the ALJ found that even with a more restrictive RFC, there were a significant number of jobs in the national economy that Plaintiff could perform and therefore, he was not disabled.  (Tr. 22-23).

The ALJ's decision became final and appealable in August 2012, when the Appeals Council denied Plaintiff's request for review.  (Tr. 1-3).  Plaintiff now seeks judicial review pursuant to Section 205(g) of the Act.  42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was forty-seven years old at the time of the administrative hearing and when the ALJ issued her decision.  (Tr. 11, 28, 142).  Plaintiff attended school through eleventh grade, and from 2005 to 2007 he worked part time as a general laborer for temporary agencies and at a car wash.  (Tr. 157, 160).

The ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since February 17, 2009, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: the residuals of left wrist surgery, the residuals of right ankle surgery, a personality disorder, bipolar disorder, and treatment for trigger finger of questionable duration (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that the claimant is restricted to lifting 30 pounds occasionally and 10 pounds frequently.  Furthermore, he cannot be exposed to heights, or climb ladders, ropes, scaffolds, ramps, or stairs.  He cannot use foot pedals on the right.  He cannot perform forceful gripping with his left upper extremity.  He is further limited to low stress jobs, which is defined for this claimant as jobs that do not involve direct dealing with the public, over the shoulder supervision, or productions quotas.  The claimant is further restricted to frequent handling and fingering with his right upper extremity.

3

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on May 26, 1963, and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 17, 2009, the date the application was filed (20 CFR 416.920(g)).

(Tr. 16-23).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations, and was therefore not entitled to SSI. (Tr. 23).

On appeal, Plaintiff describes a number of grievances with the Agency's handling of his applications for benefits. However, it is unclear what, if any of these grievances, however, relate specifically to errors the ALJ may have made. However, the Court will address the issues raised herein.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  In performing this review, the Court considers the record as a whole.  *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled.  As the Sixth Circuit has explained:

> "The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm."

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

## A.

The record reflects that:

In March 2008, Plaintiff was evaluated by occupational counselor, Melany

Markland, L.S.W.  (Tr. 211-13).  Ms. Markland concluded that Plaintiff "appear[ed] to be functioning with mental and physical barriers," as well as "criminal barriers," and thought that Plaintiff might "benefit from job tryouts to help narrow down a specific area of interest."  (Tr. 211-13).

In April 2008, Plaintiff was evaluated by consulting physician Aviars Vitols, D.O. (Tr. 230-37).  Dr. Vitols opined that Plaintiff "would appear to be able to function in a light to moderate activity level."  (Tr. 233).  He added that he thought Plaintiff "would require a change of position throughout the day from a seated to a standing position," and that Plaintiff "would benefit from restrictions as it relates to his left wrist and upper extremity in avoiding heavy repetitive tasks."  (*Id.*)

In late January 2009, Plaintiff sought treatment for anxiety and depression.  (Tr. 405).  He initially went for treatment on a weekly basis.  (Tr. 302-07); by March 2009, he was reporting that his "meds [were] working" and that he was experiencing "less anxiety" and only "some little mood swings."  (Tr. 308-11).

In March 2009, state agency psychologist Suzanne Castro, Psy.D., reviewed the file, noted a diagnosis of affective disorders and, pursuant to Acquiescence Ruling 98-4(6), adopted the ALJ's April 2006 mental RFC findings.  (Tr. 272-88).  In July 2009, state agency psychologist Bruce Goldsmith, Ph.D., reviewed the file and affirmed Dr. Castro's assessment.  (Tr. 339).

In April 2009, state agency physician Anton Freihofner, M.D., reviewed the file and, pursuant to Acquiescence Ruling 98-4(6), adopted the ALJ's April 2006 physical RFC findings.  (Tr. 290-97).

In August 2009, state agency physician Teresita Cruz, M.D., reviewed the file and, as with Dr. Freihofner and, pursuant to Acquiescence Ruling 98-4(6), adopted the ALJ's April 2006 physical RFC findings.  (Tr. 340-49).

In March 2010, Plaintiff sought treatment for "intermittent but recurrent episodes of his thumb getting 'stuck' in a flexed position."  (Tr. 392-94).  He was diagnosed with trigger finger and was referred to the hand clinic for "further evaluation and treatment as needed."  (Tr. 394).

The ALJ asked a vocational expert at the administrative hearing what jobs were available for a person of Plaintiff's age, education, and work experience, who was limited to unskilled, medium-level work, with the following additional limitations: should not be exposed to heights; cannot climb ladders, ropes, scaffolds, ramps, or stairs; cannot operate foot controls with his right foot, and cannot do any forceful gripping with his left hand; no frequent handling or fingering with the right hand; the freedom to alternate between sitting and standing; and only low stress work, meaning no direct interaction with the public, no over-the-shoulder supervision, and no production quotas.  (Tr. 60-63). The vocational expert testified that a number of jobs could accommodate these limitations, including crate liner, machine packager, and hand packager.  (Tr. 61).  The

ALJ also asked the vocational expert whether her testimony was consistent with the

*Dictionary of Occupational Titles*, and she confirmed that it was. (Tr. 63).

## B.

Plaintiff's grievances do not appear to relate to errors the ALJ may have made and

thus would come within the scope of this Court's review. *Willbanks v. Sec'y of Health &*

*Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988); 42 U.S.C. § 405(g) (scope of review

("is confined to a limited review of the Secretary's decision and of the record made in the

administrative hearing process"). For example, Plaintiff appears to allege that he was

denied the right to due process at the application stage when he was "denied the right to a

psychiatric exhibit" at an Agency field office. Further, Plaintiff maintains the ALJ may

have taken action that was "prejudicial" to him. However, neither of these allegations

relate to the ALJ's decision and the administrative record before this Court, and thus fall

outside the scope of this Court's review.

Still, notwithstanding Plaintiff's allegations, the ALJ's findings, and the decision

as a whole, were sound and supported by substantial evidence. In finding that Plaintiff

could perform a restricted range of medium, unskilled work, comprising a significant

number of jobs, the ALJ conducted a thorough review of the evidence, took relevant

testimony from Plaintiff, and ultimately concluded that there was new and material

evidence of additional severe impairments and cause for slightly more restrictive RFC

findings. (Tr. 16-23). More specifically, she noted the assessments of the state agency

reviewing psychologists and physicians (who adopted the ALJ's April 2006 findings), but

ultimately concluded, based on later-compiled evidence of mental health treatment in 2009 and treatment for a trigger finger in 2010, that additional severe impairments were now present and that further restrictions were necessary. (Tr. 16-23). Additionally, the ALJ proffered a thorough assessment regarding Plaintiff's statements about his impairments, and reasonably concluded based on "many credibility problems," that Plaintiff's allegations of disabling conditions were not credible. (Tr. 21).

The ALJ considered the testimony of a qualified vocational expert who provided substantial evidence of a significant number of jobs available for a person with Plaintiff's education, experience, and RFC. (Tr. 59-63). In fact, some of the hypothetical questions the ALJ posed to the vocational expert actually included greater limitations (such as limitations for a sit/stand option, light work, sedentary work, and superficial contact with co-workers) than the ones she ultimately limited Plaintiff to in her decision. (Tr. 59-63). Even with these greater limitations, the vocational expert was still able to identify a significant number of available jobs. (Tr. 59-63).

Accordingly, upon a review of the record, this Court finds that the ALJ did not ignore evidence or unfairly minimize Plaintiff's limitations. Moreover, there is substantial evidentiary support for her findings that Plaintiff could perform a restricted range of unskilled, medium-level work, encompassing a significant number of jobs.

### III.

For the foregoing reasons, Plaintiff's assignments of error are unavailing. The ALJ's decision is supported by substantial evidence and is affirmed.

**IT IS THEREFORE ORDERED THAT** the decision of the Commissioner, that

Michael Terrell was not entitled to supplemental security income, is found

**SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further

matters remain pending for the Court's review, this case is **CLOSED**.

Date:  7/1/13                                     _s/ Timothy S. Black_
                                                 Timothy S. Black
                                                 United States District Judge